**AKERMAN LLP**
JOSHUA R. MANDELL (SBN 225269)
Email: joshua.mandell@akerman.com
JONATHAN M. TURNER (SBN 320614)
Email: jonathan.turner@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Plaintiffs
Qi Zhang and Yan Fang An

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QI ZHANG, an individual; and YAN FANG AN, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CHINESEINVESTORS.COM, INC, an Indiana corporation; and DOES 1 through 20<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>(Jury Trial Demanded) |

Plaintiffs alleges as follows:

## PARTIES

1. Plaintiff Qi Zhang is, and at all relevant times was, an individual residing in Sands Point, New York.

2. Plaintiff Yan Fang An is, and at all relevant times was, an individual residing in Sands Point, New York.

3. Plaintiffs are family members. Plaintiff An is the mother of Plaintiff Zhang.

4. Plaintiffs are informed and believe, and on that basis allege, that Defendant Chineseinvestors.com, Inc. is a corporation organized under the laws of Indiana with its principal place of business in San Gabriel, California.

5. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of defendants Does 1 through 20, inclusive, and each of them, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege the true names and capacities of such defendants when ascertained.

6. Plaintiffs are informed and believe, and on that basis allege, that all defendants named in this complaint are responsible in some manner for the injuries and damages suffered by Plaintiffs, as alleged herein.

7. At all relevant times, defendants, and each of them, were the agents, employees, fiduciaries, representatives, partners or co-venturers of the other defendants, and each of them, and in doing the things herein alleged, were acting for the purpose and within the course, scope and authority of such agency, employment, fiduciary, partnership and co-venturer relationship.

8. At all relevant times, defendants, and each of them, were completely dominated and controlled by the other defendants, and each of them, such that defendants have no independent identity or existence of their own and their acts were

the acts of the other defendants, and each of them, such that adherence to the purported separate identities of each or any of them would result in a fraud and injustice to Plaintiffs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1).

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in Los Angeles County, California.

## Breach of Contract – Count One
### (Plaintiff Qi Zhang Against All Defendants)

11. Plaintiff Qi Zhang ("Zhang") incorporates by reference the above paragraphs of this complaint as though set forth fully herein.

12. On or about September 8, 2018, Zhang loaned Defendant Chineseinvestors.com $300,000. The loan was memorialized in a promissory note ("Zhang Promissory Note") in favor of Zhang. A true and correct copy of the Zhang Promissory Note is attached as **Exhibit 1** and incorporated herein by this reference.

13. Under the terms of the Zhang Promissory Note, Zhang agreed to lend Defendant the principal amount of $300,000 at an "Applicable Rate" of ten percent (10%) per annum and a "Default Rate" of twelve percent (12%) per annum from the date of default.

14. Under the Default Rate provisions of the Zhang Promissory Note, "[i]f any amount payable hereunder is not paid when due (without regard to any applicable grace periods), whether at stated maturity, by acceleration or otherwise, such overdue amount shall bear interest at [12% per annum] from the date of such non-payment until such amount is paid in full."

15. Zhang has performed all of his obligations under the Zhang Promissory Note, except such obligations that Defendant's conduct may have waived, excused,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

rendered impossible or impracticable.

16. The Zhang Promissory Note matured by its terms on September 8, 2019, at which time the principal balance and accrued interest for the note became due and payable in full to Zhang.

17. Defendant has breached, and continues to breach, its repayment obligations under the Zhang Promissory Note by failing and refusing to repay Zhang according to the note's terms.

18. Notwithstanding Defendant's obligation to repay the entire balance of the loan upon the Zhang Promissory Note's September 8, 2019 maturity date, as of March 1, 2020, an outstanding balance of $311,016 remains due and payable.

19. The Zhang Promissory Note provided that, among other things, "[i]n the event that any action, suit, or other legal or administrative proceeding is instituted or commenced by either Party hereto against the other Party arising out of or related to this Note, the prevailing party shall be entitled to recover its reasonable attorneys' fees and court costs from the non-prevailing party." Zhang has been forced to hire Akerman, LLP to enforce his claims in this action and is entitled to recover attorneys' fees, expenses, and costs.

20. As a direct, foreseeable, and proximate result of Defendant's breach, Zhang has suffered and continues to suffer damages in an amount not less than $300,000, plus interest thereon at the Applicable Rate of ten percent (10%) per annum since September 8, 2018 and the Default Rate of twelve percent (12%) per annum since September 8, 2019 in a total amount of not less than $311,016, and additional amounts according to proof.

///
///
///
///

## Breach of Contract – Count Two
## (Plaintiff Yan Fang An Against All Defendants)

21. Plaintiff Yan Fang An ("An") incorporates by reference paragraphs one through ten of this complaint as though set forth fully herein.

22. On or about September 8, 2018, An loaned Defendant Chineseinvestors.com $200,000. The loan was memorialized in a promissory note ("An Promissory Note") in favor of An. A true and correct copy of the An Promissory Note is attached as **Exhibit 2** and incorporated herein by this reference.

23. Under the terms of the An Promissory Note, An agreed to lend Defendant the principal amount of $200,000 at an "Applicable Rate" of ten percent (10%) per annum and a "Default Rate" of twelve percent (12%) per annum from the date of default.

24. Under the Default Rate provisions of the An Promissory Note, "[i]f any amount payable hereunder is not paid when due (without regard to any applicable grace periods), whether at stated maturity, by acceleration or otherwise, such overdue amount shall bear interest at [12% per annum] from the date of such non-payment until such amount is paid in full."

25. An has performed all of her obligations under the An Promissory Note, except such obligations that Defendant's conduct may have waived, excused, rendered impossible or impracticable.

26. The An Promissory Note matured by its terms on September 8, 2019, at which time the principal balance and accrued interest for the note became due and payable in full to An.

27. Defendant has breached, and continues to breach, its repayment obligations under the An Promissory Note by failing and refusing to repay An according to the note's terms.

28. Notwithstanding Defendant's obligation to repay the entire balance of the

loan upon the An Promissory Note's September 8, 2019 maturity date, as of March 1, 2020, an outstanding balance of $207,343 remains due and payable.

29. The An Promissory Note provided that, among other things, "[i]n the event that any action, suit, or other legal or administrative proceeding is instituted or commenced by either Party hereto against the other Party arising out of or related to this Note, the prevailing party shall be entitled to recover its reasonable attorneys' fees and court costs from the non-prevailing party." An has been forced to hire Akerman, LLP to enforce his claims in this action and is entitled to recover attorneys' fees, expenses, and costs.

30. As a direct, foreseeable, and proximate result of Defendant's breach, An has suffered and continues to suffer damages in an amount not less than $200,000, plus interest thereon at the Applicable Rate of ten percent (10%) per annum since September 8, 2018 and the Default Rate of twelve percent (12%) per annum since September 8, 2019 in a total amount of not less than $207,343 and additional amounts according to proof.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

Breach of Contract – Count One

    a. Damages in the sum of no less than $311,016, and additional amounts according to proof.

    b. Prejudgment interest.

Breach of Contract – Count Two

    a. Damages in the sum of no less than $207,343, and additional amounts according to proof.

    b. Prejudgment interest.

All Claims:

    a. Attorneys' fees

1       b. Costs of suit incurred herein.

2       c. Such other and further relief as the court deems proper.

4  Dated: March 10, 2020            **AKERMAN LLP**

                         By:   */s/ Joshua Mandell*
                               Joshua R. Mandell
                               Attorneys for Plaintiffs
                     QI ZHANG and YAN FANG AN